UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| VIASAT, INC., ) | |
| ) | |
| Appellant, ) | No. 21-1123 |
| ) | |
| v. ) | Consolidated with Nos. |
| ) | 21-1125, 21-1127 & 21-1128 |
| FEDERAL COMMUNICATIONS ) | |
| COMMISSION, ) | FCC IBFS File No. SAT-MOD- |
| ) | 20200417-00037 |
| Appellee, ) | |
| ) | |
| SPACE EXPLORATION ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Movant-Intervenor. ) | |
| _____) | |

**RESPONSE OF THE BALANCE GROUP (Appellant in No. 21-1128)
IN SUPPORT OF MOTION TO STAY PENDING JUDICIAL REVIEW**

THE SMITH APPELLATE LAW FIRM
By: Michael F. Smith
1717 Pennsylvania Ave. N.W., Suite 1025
Washington, D.C. 20006
(202) 454-2860
smith@smithpllc.com

and

STEPHEN L. GOODMAN, PLLC
By: Stephen L. Goodman
532 North Pitt Street
Alexandria, VA 22314
(202) 607-6756
stephenlgoodman@aol.com

Dated: June 14, 2021      **Counsel for The Balance Group**

# TABLE OF CONTENTS

Page

INTRODUCTION……………………………………………………....…..1

ARGUMENT……………………………………………………….....…..1

I.  Appellants are likely to succeed on their claim that the FCC reversibly erred in not requiring SpaceX to prepare an Environmental Assessment (EA)......................................................2

   A.  Appellants alleged significant environmental effects from SpaceX's Major Modification Application and submitted extensive written petitions detailing why further environmental consideration is needed…………..…..4

   B.  The FCC reversibly erred in refusing to find that SpaceX's plans "may have" a significant environmental impact………4

CONCLUSION/RELIEF REQUESTED…………………………………..8

CERTIFICATE OF COMPLIANCE……………………………………….10

CERTIFICATE OF SERVICE…………………………………………….11

ADDENDUM

   CORPORATE DISCLOSURE STATEMENT……………….…..…12

# INDEX OF AUTHORITIES

**Cases**                                                 **Page**

*Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014)....................................2

*American Bird Conservancy v. F.C.C.*,
　　516 F.3d 1027 (D.C. Cir. 2008)................................................5, 6, 7

*Davis v. Pension Ben. Guar. Corp.*,
　　571 F.3d 1288 (D.C. Cir. 2009)......................................................2

*In re Exxon Valdez*,
　　2007 Westlaw 9717369 (D. Alaska July 17, 2007)..........................8

*Larson v. Liberty Mut. Fire Ins. Co.*,
　　2020 Westlaw 3714526 (D. Hawaii July 6, 2020)..........................8

*Miles v. Sec'y of Health & Hum. Servs.*,
　　2018 Westlaw 3990987 (Fed. Cl. June 28, 2018)..........................8

*Nken v. Holder*, 556 U.S. 418 (2009)..................................................1

*Perry Cap. LLC v. Mnuchin*, 864 F.3d 591 (D.C Cir. 2017)..................8

*Scientists' Inst. for Pub. Info., Inc. v. Atomic Energy Comm's*,
　　481 F.2d 1079 (D.C. Cir. 1973)....................................................7

*Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4 (1942).......................1-2

*Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*,
　　559 F.2d 841 (D.C. Cir. 1977)...................................................2, 3

*WildEarth Guardians v. Jewell*, 738 F.3d 298 (D.C. Cir. 2013).............5

## Statutes

5 U.S.C. § 705…………………………………………………………………..1

28 U.S.C. § 1651(a)……………………………………………………….…...1

## Regulations

47 C.F.R. § 1.1307………………………………………………….…..3, 4, 5

47 C.F.R. § 1.1308………………………………………………………..…..3

47 C.F.R. § 1.1311…………………………………………………………....3

47 C.F.R. § 1.1313……………………………………………………….3, 4

## Other authorities

Black's Law Dictionary (8th ed. 2004)………………………………..……..8

Garner's Dictionary of Legal Usage (3d ed. 2011)…………….………….8

33 Wright & Miller *Federal Practice & Procedure* § 8386 (2d ed.)………1

## INTRODUCTION

The Balance Group, Appellant in case No. 21-1128, files this Response in support of Viasat, Inc.'s Motion to Stay Pending Judicial Review. The Balance Group joins in full in Viasat's motion, and in this Response will further address portions of the stay analysis.

## ARGUMENT

Section 705 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 705, authorizes an agency or a reviewing court to stay an agency action pending judicial review. "Even without this authorization, however, the Court has characterized the power of an appellate court 'to hold an order in abeyance while it assesses the legality of the order' as 'inherent' and also reflected in courts' authority under the All Writs Act to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" 33 Wright & Miller *Federal Practice & Procedure* § 8386 (2d ed.), quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009) and 28 U.S.C. § 1651(a). The Supreme Court long has recognized this authority to stay agency action pending appeal, independent of any statutory basis:

> …an appellate court should be able to prevent irreparable injury to the parties or to the public resulting from the

1

premature enforcement of a determination which may later be found to have been wrong. It has always been held, therefore, that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal. [*Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10 (1942) (citation omitted)].

Viasat's motion compellingly explains why this matter meets the four-part test for injunctive relief pending appeal of *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977) and its progeny. The Balance Group responds simply to highlight certain points.[1]

I.  **Appellants are likely to succeed on their claim that the FCC reversibly erred in not requiring SpaceX to prepare an Environmental Assessment (EA).**

Though this Court typically evaluates the four injunction factors on a "sliding scale," *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291-92 (D.C. Cir. 2009), it has called the likelihood-of-success inquiry the "most important." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). And in analyzing that factor in the context of a stay pending appeal, it has required not "a mathematical probability of success," but

---

[1] Though this Response discusses only likelihood of success on the EA issue, The Balance Group raised many other issues before the FCC, and will address them in its merits brief.

2

merely a "serious legal question." *Holiday Tours, Inc.*, 559 F.3d at 844 (citations omitted).

The Balance Group's appeal certainly presents at least "a serious legal question" as to whether the FCC reversibly erred in applying its own regulation to excuse SpaceX from performing an Environmental Assessment (EA). That regulation in pertinent part states:

> (c) If an interested person alleges that a particular action, otherwise categorically excluded, will have a significant environmental effect, the person shall submit to the Bureau responsible for processing that action a written petition setting forth in detail the reasons justifying or circumstances necessitating environmental consideration in the decision-making process. (See § 1.1313). The Bureau shall review the petition and consider the environmental concerns that have been raised. If the Bureau determines that the action *may have a significant environmental impact*, the Bureau *will require* the applicant to prepare an EA (see §§ 1.1308 and 1.1311), which will serve as the basis for the determination to proceed with or terminate environmental processing. [47 C.F.R. § 1.1307(c) (emphasis added)].

Here, The Balance Group and Viasat each fulfilled its obligation under § 1.1307(c), but the FCC fell far short of meeting its own.

### A. Appellants alleged significant environmental effects from SpaceX's Major Modification Application and submitted extensive written petitions detailing why further environmental consideration is needed.

The initial burden § 1.1307(c) imposes on those raising environmental concerns under NEPA clearly has been met here. The regulation requires simply that any objector(s) submit "a written petition setting forth in detail the reasons justifying or circumstances necessitating environmental consideration in the decision-making process," *Id.*, citing 47 C.F.R. § 1.1313. Plainly, both The Balance Group and Viasat did that. The FCC itself acknowledged this, since it spent 12 pages analyzing, and rejecting, those claims. A051-62.[2]

### B. The FCC reversibly erred in refusing to find that SpaceX's plans "may have" a significant environmental impact.

In analyzing the parties' extensive written objections, the FCC refused to find that SpaceX's Major Modification Application "may have" a significant environmental impact. That finding is likely to be reversed on appeal since, at a minimum, a "serious legal question" exists regarding it.

---

[2] References in this Response are to the Appendix in Support of Viasat's Motion to Stay.

4

As this Court has held, the plain language of § 1.1307(c) imposes a mandatory obligation on the FCC, once an interested person submits a written petition detailing the reasons justifying or circumstances necessitating environmental consideration in the decision-making process. "The Commission's Bureau *must* then 'review the petition and consider the environmental concerns that have been raised,' and require the applicant to prepare an EA if it determines the action "*may have* a significant environmental impact…." *American Bird Conservancy v. F.C.C.*, 516 F.3d 1027, 1033 (D.C. Cir. 2008) (emphasis added), quoting 47 U.S.C. § 1.1307(c). An FCC demand for "definitive evidence" of significant effects "plainly contravenes the 'may' standard." *Id.* (citation omitted). So too does any requirement imposed on the petitioner to make a "scientific showing" that the harm alleged will occur. *Id.* NEPA is designed to ensure "fully informed and well-considered decisionmaking," and "places upon an agency the obligation to consider every significant aspect of the environmental impact of a proposed action." *WildEarth Guardians v. Jewell*, 738 F.3d 298, 302 (D.C. Cir. 2013) (citations omitted).

5

As in *American Bird Conservancy*, FCC here effectively demanded of The Balance Group and Viasat "definitive evidence of significant effects," and erroneously rejected their request for an EA:

- With regard to identified potential effects on Earth's atmosphere from satellite launches and re-entries, the FCC perfunctorily dismissed Viasat's detailed petition allegations as "insufficient" to determine that additional environmental consideration is necessary under its rules, or that granting SpaceX's modification application may have a significant environmental impact on the atmosphere or ozone layer. It rejected Viasat's identification of "unknowns about other complex chemical compounds" as "too vague." [A056].

- Though it conceded Viasat is correct in noting that 10 to 40 percent of a satellite's mass as a general matter does not burn up on re-entry and may reach Earth's surface, the FCC accepted at face value SpaceX's statement that *its* satellites are different. FCC credited SpaceX's self-serving claim that it has designed its satellites to be "fully demisable upon reentry," and that "the calculated risk of human casualty from materials reaching the Earth is roughly zero." [A057].

- As to potential impacts on the night sky and astronomy identified by both The Balance Group and Viasat, the FCC credited SpaceX's vague assertions that "it has been working with astronomers and that its modification will in fact lessen the effect its constellation will have on the night sky," that it "has been taking measures to darken its satellites," making them "all but invisible" to the naked eye, and "has been working in close collaboration with the astronomy community." [A057-59 (quoting SpaceX Opposition)].

6

- The FCC rejected Viasat's detailed contentions regarding the potential impact of satellite collisions in space, finding that they "failed to set forth in detail reasons justifying or circumstances necessitating environmental consideration of these issues…. [A060].

The FCC likewise rejected other objections as a basis to require an EA. [A061-62].[3]

Simply put, the FCC imposed too high an evidentiary burden on The Balance Group and Viasat. "It must be remembered that the basic thrust of the agency's responsibilities under NEPA is to predict the environmental effects of a proposed action *before the action is taken and those effects fully known*." *American Bird Conservancy*, 516 F.3d at 1033, quoting *Scientists' Inst. for Pub. Info., Inc. v. Atomic Energy Comm's*, 481 F.2d 1079, 1091-92 (D.C. Cir. 1973) (emphasis added). By effectively weighing the competing claims of the objectors and SpaceX and ruling on them on the merits, rather than simply deciding if the cited concerns "*may have* a significant environmental impact," the FCC reversibly erred.

---

[3] As the Order reflects, The Balance Group raised a number of other significant concerns that the FCC glossed over with next to no analysis, including the impact on flora and fauna, and on cybersecurity. A058-61. Those issues also will be addressed in The Balance Group's merits brief.

7

This conclusion is reinforced by common English usage of the term "may." "It should go without saying that 'may means may.'" *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 607 (D.C Cir. 2017) (citations omitted). "'May' can mean '[t]o be a possibility…" *In re Exxon Valdez*, 2007 Westlaw 9717369, at *13-16 (D. Alaska July 17, 2007) citing Black's Law Dictionary 1000 (8th ed. 2004); *accord Larson v. Liberty Mut. Fire Ins. Co.,* 2020 Westlaw 3714526, at *8 (D. Hawaii July 6, 2020); Garner's Dictionary of Legal Usage 568 (3d ed. 2011) ("**may**…(2) possibly will <the court may apply this doctrine>". It is well below the standard of a preponderance of the evidence. *Miles v. Sec'y of Health & Hum. Servs.*, 2018 Westlaw 3990987, at *49 (Fed. Cl. June 28, 2018) ("'May' means 'possible' which does not satisfy petitioner's burden of proof of preponderant evidence"). With their detailed allegations of environmental impacts from SpaceX's planned massive satellite launch, The Balance Group and Viasat certainly established a basis for requiring an EA.

## CONCLUSION/RELIEF REQUESTED

The Balance Group joins in Viasat's motion and asks that this Court stay the April 27, 2021 Order pending appellate review.

8

                              Respectfully submitted,

                              THE SMITH APPELLATE LAW FIRM
                              By: /s/ Michael F. Smith
                              Michael F. Smith
                              1717 Pennsylvania Ave. N.W.
                              Suite 1025
                              Washington, D.C.  20006
                              (202) 454-2860
                              smith@smithpllc.com

                              and

                              STEPHEN L. GOODMAN, PLLC
                              By: /s/ Stephen L. Goodman
                              Stephen L. Goodman
                              532 North Pitt Street
                              Alexandria, VA  22314
                              (202) 607-6756
                              stephenlgoodman@aol.com
Dated: June 14, 2021          **Counsel for The Balance Group**

## CERTIFICATE OF COMPLIANCE

In keeping with FED. R. APP. P. 32(g) and 27(d), I certify that:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,630 words, including footnotes, and

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Century.

                                                /s/ Michael F. Smith
                                                Michael F. Smith

Dated: June 14, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2021, I filed the foregoing Response and this Certificate of Service with Clerk of the Court via the Court's ECF System, which electronically served them upon counsel of record for Viasat, Inc., appellant in No. 21-1123; Appellee Federal Communications Commission, appellee in all the consolidated cases; and Space Exploration Holdings, LLC, movant-intervenor in all the consolidated cases.

                            /s/ Michael F. Smith
                            Michael F. Smith

# ADDENDUM

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1 and 27(a)(4), The Balance Group states that it has no parent company and that no publicly held company has a 10 percent or greater ownership interest (such as stock or partnership shares) in The Balance Group.

Insofar as it is relevant to this litigation, The Balance Group provides counsel and technical systems and solutions to individuals, non-profits, corporations, and governments.  Its mission is to ensure that satellite and terrestrial broadband and other radio-frequency transmission networks and technologies are proven, through peer-reviewed science, not to pose a material risk of systemic harm to human beings or the environment both prior to being approved for deployment and also during their operational and post-operational phases. No member has issued shares or debt securities to the public.